Filed 6/6/16  P. v. Franco CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C080328 |
| Plaintiff and Respondent, | (Super. Ct. No. CM043394) |
| v. | |
| FRANCISCO MANUEL FRANCO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Francisco Manuel Franco has asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We need not remand the matter to the trial court although an improper sentencing procedure persists despite prior admonitions to correct it.  In any event, we affirm the judgment.

I

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)  The factual summary is taken from the probation report, as stipulated by the parties.

1

On July 20, 2015, defendant threw a rock through the window of a business. When police arrived and ordered defendant to get on the ground, he took an aggressive stance and with clenched fists said, "Fuck you bitch. I'll fuck you up." Defendant ignored the officer's order to get on the ground and instead began to walk away. The officer sprayed defendant in the face with "OC spray," but defendant continued to walk away. When other officers arrived and instructed defendant to get on the ground, he again took an aggressive stance and with clenched fists said, "I'll fuck you up." One of the officers kicked defendant causing him to fall. However, defendant continued to yell, "Fuck you" and refused orders to roll onto his stomach. He continued to resist and struggle until he was taken into custody, after which he continued to yell, "fuck you" and call officers "bitch."

Defendant was charged by criminal complaint with felony vandalism of property valued over $400 (Pen. Code, § 594, subd. (a)),[1] and misdemeanor resisting an officer (§ 148, subd. (a)(1)). The complaint alleged defendant had two prior strike convictions (§§ 667, subds. (b)-(j) & 1170.12) and six prior prison terms (§ 667.5, subd. (b)).

Defendant entered a negotiated plea of no contest to both charges and admitted two prior prison terms in exchange for dismissal with a *Harvey*[2] waiver of the balance of charges and allegations against him. The parties stipulated that the factual basis could be taken from the probation report.

The trial court denied probation and sentenced defendant to the upper term of three years, plus two consecutive one-year terms for the prior prison term enhancements, for an aggregate sentence of five years in state prison. The court awarded defendant 104 days of presentence custody credit (52 actual days plus 52 conduct credits) and imposed

---

[1]     Unspecified statutory references are to the Penal Code.

[2]     *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

fees and fines as follows: a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation fine, stayed pending successful completion of parole (§ 1202.45), an $850 fine (§ 672), a $39 theft fine (§ 1202.5), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction fee (Gov. Code, § 70373). The court reserved jurisdiction on the issue of victim restitution. The abstract of judgment contains a detailed recitation of all fees, fines, penalties, and assessments and the statutory bases therefor.

Defendant filed a timely notice of appeal. He did not obtain a certificate of probable cause.

II

Counsel filed an opening brief that sets forth the facts of the case and requests us to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from defendant.

As appears to be the custom and practice in Butte County, the trial court's oral pronouncement of judgment imposed fees and fines using a unique, cumulative fine and fee imposition regimen, purportedly applying section 672, which provides for a separate fine for violations whose statutes do not include fine amounts. Section 672 is not, however, a vehicle for imposing all mandatory and permissive fines and fees that arise from separate statutes. In this instance, we need not remand the matter to the trial court for further proceedings. The abstract of judgment provides a "detailed recitation of all the fees, fines and penalties on the record," including their amounts and statutory bases, as required by this court's decision in *People v. High* (2004) 119 Cal.App.4th 1192, 1200. However, we nonetheless admonish the trial court to discontinue its improper practice of pronouncing a cumulative fine under section 672 and defaulting to its clerk to parse it correctly in the abstract of judgment.

3

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                            NICHOLSON          , Acting P. J.



We concur:



       BUTZ            , J.



       DUARTE          , J.